Duncan *v.* Eaton.

## DUNCAN, Apt., *v.* EATON.

In making an allowance to a widow out of the personal estate of her deceased husband, regard must be had to the circumstances of the estate and the amount of her dower.

The statute authorizing the judge of probate to make her a reasonable allowance out of the personal estate, for her present support, did not intend to give her a share of the estate as an heir, but to provide for her support for the time being.

APPEAL from the decree of the judge of probate, allowing the appellee $2,000 out of the estate of her late husband, Joel W. Eaton, for her present support.

It appeared in evidence that the whole estate of the deceased amounted to about $11,000. The claims presented amount to $11,180, and others, ascertained to be justly due, to $7,000. The estate is very considerably insolvent —the value of the real estate in which the widow is entitled to dower being about $2,000.

*Chamberlain*, for the appellant.

*Handerson*, for the appellee.

Duncan *v.* Eaton.

Parker, C. J. The statute authorizing the judge of probate to make an allowance to the widow, for her present support, expresses very distinctly the purposes and object of the provision. It was not intended that he should make her an heir of an insolvent estate, to the prejudice of the creditors.

The law anciently allowed the widow her quarantine of forty days in the principal mansion. Formerly, in the administration of the probate law in this State, the widow and children were allowed to be maintained out of the provisions on hand, until the next harvest.

The statute has provided that she may have a reasonable allowance out of the personal estate, for her present support. Rev. Stat., chap. 165. sec. 1. This was designed to provide a supply for her immediate wants, extending perhaps to the time when she can derive something from her interest in the estate. We have held that if she neglects to claim an allowance until the lapse of two or three years, having in the mean time contracted another marriage, she has waived the right.

The amount to be allowed must depend on the circumstances of each case. In this case the widow's dower in the real estate will furnish her a home; how much more than that may depend upon contingencies.

We have hesitated between $200 and $300, but have concluded to allow the latter sum.

*Decree reversed and allowance accordingly.*